## PALMQUIST v. STANDARD ACC. INS. CO.
### No. 626.

District Court, S. D. California, N. D.
March 25, 1933.

Glenn L. Moran, Calvin L. Russell, and F. J. Heid, all of Tulare, Cal., for plaintiff.

Paul Nourse, of Los Angeles, Cal., and W. H. Stammer, of Fresno, Cal., for defendant.

COSGRAVE, District Judge.

Plaintiff was the beneficiary under an accident insurance policy issued to her deceased husband. He died under circumstances which were claimed to be accidental. The policy gave the insurer the right to make an autopsy in case of death, and this permission was also given by the plaintiff herself. At her request two physicians of her acquaintance attended the autopsy looking after her interests.

The autopsy was performed, the heart, brain, and one kidney removed, but, instead of restoring these to the body at the conclusion of the autopsy, the physicians representing the insurer retained them for further pathological examination, and, so far as the evidence shows, have them still in their possession. Some months after the autopsy plaintiff went to the office of Dr. Preston, who performed the autopsy for the company, and asked him what was done with the organs removed from the body of her deceased husband. The doctor advised her that he was hired by the insurer, and refused to give her any information whatever concerning them. In her complaint she claims damages because of outraged feelings, mental anguish, and suffering. At the trial the court took the view that, although no right was given the insurer beyond performing an autopsy, the doctors present on behalf of the plaintiff gave implied consent to the retention of the organs, and, assuming that the possession of them by the company was rightful, it ceased to be so after the demand for their return. The jury were instructed that, if they found that the action of the plaintiff in questioning Dr. Preston amounted to a demand, they might find for the plaintiff. The jury returned a verdict in favor of plaintiff for $1,-500.

Motion is now made for entry of judgment in favor of defendant notwithstanding a verdict in favor of the plaintiff.

■■■■ The unusual nature of the case makes the citation of authorities somewhat difficult. No right was possessed by the insurance company other than to make an autopsy. This included acts and operations necessarily involved therein. It contemplated removal of the internal organs, but did not contemplate their retention. Even assuming that the doctors hired on behalf of the plaintiff gave their consent to the retention of the organs, such consent was for retention for such time as was reasonably necessary to make further examination and not for permanent retention. This would render a demand unnecessary after such reasonable time had elapsed. The doctor performing the autopsy was the representative of the company, and, since he had possession of the removed organs, he was the only one to whom the plaintiff might reasonably apply for their return.

■■■■ There is no rule by which damages may be measured, except that damages in such a case are the amount which will compensate for all the detriment proximately caused thereby. Civ. Code Cal. § 3333. Damages must at all times be reasonable. Civ. Code, § 3359. I am not prepared to say that the failure to return the removed organs has caused no appreciable detriment to the plaintiff and that therefore nominal damages only can be allowed. Civ. Code, § 3360.

This is not a matter of contract. It involves the personal feelings of the plaintiff. Damages are not capable of exact measurement, and must of necessity be left to the sound judgment of the jury. The daughter of the plaintiff testified that, when the plaintiff obtained knowledge that the vital organs had been removed from the body of the insured, it seemed to worry her to sleeplessness,

and produced a condition of nervousness continuing for some time.

Dr. Preston undoubtedly understood the question of plaintiff as a demand. Otherwise it is difficult to see any purpose in the question.

"A surviving spouse, entitled to the custody and possession of a deceased person for the purposes of preservation and burial, may maintain an action for damages against anyone who unlawfully and without authority mutilates or destroys such body." 8 R. C. L. 18, p. 695.

"The unauthorized removal of a portion of the body by one authorized to examine it, and his refusal to return such portion, is actionable." 8 R. C. L. 18, p. 695.

"And it is believed that the weight of authority sustains the proposition that mental suffering is an element of damages in an action to recover for the wrongful mutilation or destruction of a dead human body, where it is the direct proximate and natural result of the wrongful act, irrespective of any actual pecuniary damages, although wantonness or wilfulness may not be shown." 8 R. C. L. 23.

To the same effect, 17 C. J. 1147.

Defendant's motion should therefore be denied, and it is so ordered, with exception to defendant.