DELLA TRAMMELL, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, Kings County, September 17, 1948.

*Lewis S. Flagg, Jr.,* for plaintiff.

*John P. McGrath, Corporation Counsel,* for defendant.

RUBENSTEIN, J. Motion to strike out two affirmative defenses.

Plaintiff sues to recover damages as a result of an allegedly unauthorized autopsy performed by defendant upon the body of her sister following the latter's death in the Kings County Hospital.

As a first affirmative defense defendant alleges that plaintiff's sister was present as a patient in such hospital from November 11 to 24, 1947, when she died " of undetermined cause "; that " pursuant to Chapter XXXIX of the Administrative Code of the City of New York, the Department of Hospitals notified the office of the chief medical examiner of the City of New York of the death of Estelle Trainor of undetermined cause; that an assistant medical examiner in the

performance of his duty under the provisions of Section 878 of the New York City Charter, Sections 878–2.0 and 878–3.0 of the Administrative Code, lawfully performed an autopsy upon the body of Estelle Trainor and in the opinion of said medical examiner such autopsy was necessary and lawfully performed to determine the cause of death of Estelle Trainor ".

Section 878 of the New York City Charter provides: " The chief medical examiner shall have such powers and perform such duties as may be provided by law in respect to the bodies of persons dying from criminal violence, by a casualty, by suicide, suddenly when in apparent health, when unattended by a physician, in prison or in any suspicious or unusual manner."

Section 878–2.0 of the Administrative Code of the City of New York is captioned " Violent and suspicious deaths; procedure ", and the content thereof indicates that it relates to an investigation of sudden and suspicious deaths of the type described in section 878 of the Charter.

Section 878–3.0 deals with autopsies. It provides: " If the cause of such death shall be established beyond a reasonable doubt, the medical examiner in charge shall so report to his office. If, however, in the opinion of such medical examiner, an autopsy is necessary, the same shall be performed by a medical examiner. A detailed description of the findings written during the progress of such autopsy and the conclusions drawn therefrom shall thereupon be filed in his office."

The latter section specifically refers to the type of death described in the preceding section above quoted and must be read in conjunction therewith.

In connection with this application the provisions of section 2213 of the Penal Code, permitting the dissection of dead human bodies only in the manner authorized by law, as therein prescribed, is to be noted.

In my opinion the defense, as pleaded, is insufficient for defendant does not factually allege that the deceased died as a result of " criminal violence, by a casualty, by suicide, suddenly when in apparent health, when unattended by a physician, in prison or in any suspicious or unusual manner." It may be that some of these factors were present; that attendant circumstances rendered this death " suspicious ", or as having occurred in an " unusual manner." If so, they should be pleaded. That defendant, in authorizing an autopsy, proceeded in a manner authorized by law, is stated as a mere legal conclusion. That is not enough. Required practice calls for the

showing of essential and ultimate evidentiary facts, not the legal conclusions of the pleader. It is for the court, not the pleader, to draw the legal conclusions.

The office and functions of the medical examiner in New York City have been established in succession to the office and functions of the coroner as it previously existed there and as it still exists in other parts of the State. The extent to which even a coroner may physically interfere with a dead body is rigidly prescribed by law, as pointed out in *Finley* v. *Atlantic Transport Co.* (220 N. Y. 249, 255).

The motion to strike out this defense is granted but with leave to defendant to plead over with respect thereto.

The second affirmative defense recites: " That Estelle Trainor, the deceased, left her surviving a husband and a mother; that the plaintiff is not the proper party to maintain this action."

Legal opinion, it must be admitted, differs in various jurisdictions as to the basis of the cause of action in this type of case, some holding that it rests on a quasi property right and some that it is a right given to surviving relatives generally for injury to their natural feelings. (See in this respect comment and editorial article from Illinois Law Review, N. Y. L. J., March 26, 1948, p. 1114, col. 1.)

In *Darcy* v. *Presbyterian Hospital* (202 N. Y. 259), action was brought by the mother of a deceased to recover damages because of an unauthorized autopsy performed upon the body of her son by defendant hospital. In that case the court sustained the right of plaintiff to recover upon the theory enunciated in *Larson* v. *Chase* (47 Minn. 307) that (p. 262) " the right to the possession of a dead body for the purpose of preservation or burial belongs to the surviving husband or wife or next of kin, in the absence of any testamentary disposition; and this right the law will recognize and protect from any unlawful mutilation of remains by awarding damages for injury to the feelings and mental suffering resulting from the wrongful acts, although no pecuniary damage is alleged or proved."

The court in this case significantly, I think, made the comment (p. 263) : " The rule adopted in the Minnesota case fully meets our approval, and consequently the plaintiff, *being the mother and the nearest surviving next of kin* to the decedent, is entitled to maintain the action and to recover damages for her wounded feelings and mental distress." (Emphasis added.)

In *Finley* v. *Atlantic Transport Co.* (*supra*) the court also sustained the right to recover upon the theory that the plaintiff, a son of the deceased (there was no surviving spouse), had the

legal right to the possession of the body for burial and any unlawful interference with that right was an actionable wrong. In this case it is true the court rejected a plea by defendant that there was a defect of parties plaintiff and that the brothers and sisters of plaintiff were not joined in the action, stating (p. 258): " The plaintiff here seeks only to recover such damages as are personal to him. As the son of the deceased he had a right to receive the body for burial, and no reason exists why he should be obliged to join other next of kin in an action wherein he seeks compensation personal to himself." The right to recovery, however, as stated, was sustained on the theory, as in the *Darcy* case (*supra*), that plaintiff was the " next of kin ".

Likewise, in the Minnesota case of *Larson* v. *Chase* (*supra*), the court (p. 310) made comment as follows: " The important fact is that the custodian of it [i.e., the body] has a legal right to its possession for the purposes of preservation and burial, and that any interference with that right, by mutilating or otherwise disturbing the body, is an actionable wrong." (To the same effect see 25 C. J. S., Dead Bodies, § 9, and the historical report of Hon. S. B. Ruggles, Referee, in *Matter of Widening of Beekman St.*, 4 Bradf. 503, 532, and see note thereto.)

In this State, it is definitely established that " In the absence of a testamentary disposition, the right to the possession of the body of one who has died belongs to the surviving husband or wife or next of kin for the purpose of preservation and burial. Anyone infringing upon such right by mutilating the remains without the consent of the person or persons entitled to the possession thereof may be required to pay damages for the injury to the feelings and for mental suffering resulting from such unlawful act, even though no pecuniary damage is alleged or proved." (*Beller* v. *City of New York*, 269 App. Div. 642, 643.)

The complaint in the instant case, it is to be noted, alleges that plaintiff " was prevented from interring the remains of the said decedent in the state in which the body was at the time of said decedent's death. That her feelings were outraged at the manner in which the body of said decedent was dissected and mutilated; that she was deprived of her natural right of interring the body of the said decedent in the condition in which said body was at the time of decedent's death."

The legal injury being to a right which, in the absence of testamentary disposition, inures to the surviving spouse or next of kin, and plaintiff being without that category, I am of the opinion that the second affirmative defense is valid and the motion to strike it out is denied.

**Settle order on notice.**