Anthony M. Livoti, J.
Application for leave to file a notice of claim.
Lawrence Zaslowsky died on June 4, 1960 allegedly as the result of injuries sustained on May 14, 1960. The driver of the automobile which struck him is under indictment for vehicular homicide. Allegedly on June 4,1960 an autopsy was performed on the dead body without the consent of the parents.
A right of action in behalf of the next of kin entitled to possession of the body exists if there was an unlawful autopsy for *380 injury to the feelings and mental suffering of said next of kin (Darcy v. Presbyterian Hosp., 202 N. Y. 259). While it is doubtful that the autopsy was unlawful, in that the police authorities may order an autopsy without consent of the next of kin where a crime is suspected (Public Health Law, § 4210), the only question presently before the court is whether a notice of claim may be filed beyond the time (90 days) provided by section 50-e of the General Municipal Law.
Section 50-e permits a claimant to apply to the Supreme Court before a year has elapsed from the accrual of the claim for permission to file a claim later than 90 days from the accrual where the elaimáint is “an infant, or is mentally or physically incapacitated ” (subd. 5), and by reason of such disability fails to serve a timely notice of claim.
In an affidavit by the father of the deceased it is alleged that his wife, the mother of the deceased, has been in “ a state of constant and severe mental strain and has become and remains both physically and mentally ill and upset,” that because of her condition “ it was impossible for me or my attorney to get her to sign any papers in connection with this claim.” No affidavit by a physician is submitted.
As to the claim of the father, the application is denied for lack of any proof that he was mentally or physically incapacitated. With respect to the claim of the mother, the application is denied without prejudice to a renewal on papers containing additional proof of her mental or physical incapacity. Her husband’s affidavit is insufficient. In addition, on a renewal a copy of the proposed notice of claim should- be submitted as required by section 50-e of the General Municipal Law. The fact that the father could but did not file a notice of claim on behalf of his wife does not bar a late notice of claim on her behalf if she were in fact physically or mentally incapacitated (Matter of Rosenberg v. City of New York, 309 N. Y. 304; Matter of Figueroa v. City of New York, 279 App. Div. 771).