200 So.2d 371 (1967)
Louise EASTIN, widow of Walter FRENCH, Jr., Peggy French, wife of Ronald Reso, and Walter French, III
v.
OCHSNER CLINIC and Ochsner Foundation Hospital.
No. 2654.
Court of Appeal of Louisiana, Fourth Circuit.
May 23, 1967.
Rehearing Denied July 5, 1967.
*372 Bernard J. Capella, New Orleans, for plaintiffs-appellees.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Ashton R. Hardy, New Orleans, for defendants-appellants.
Before YARRUT, SAMUEL and BARNETTE, JJ.
SAMUEL, Judge.
This is an action for damages for mental anguish, pain and suffering resulting from an unauthorized autopsy. Plaintiffs are the widow, Mrs. Louise Eastin French, and the two children of the decedent upon whom the autopsy was performed. Defendants, Ochsner Clinic and Ochsner Foundation Hospital, have appealed from a trial court judgment in favor of the widow in the amount of $500. Mrs. French has answered the appeal seeking an increase in the award to the sum of $5,000. The two plaintiffs who were the children of the decedent are not before us; they have not appealed from the judgment which is silent as to them.
The facts are not in dispute. Following extensive surgery the decedent died of terminal lung cancer at the defendant hospital. Immediately after his death, when a priest was in attendance and Mrs. French was kneeling at the bedside, a resident physician asked her to sign a document granting permission to perform an autopsy. She refused, stating she didn't want an autopsy performed, there was no need for one and her husband had gone through enough. She ordered the physician to leave his body alone. Despite that refusal and that conversation the defendant hospital performed an autopsy limited to the thoracic and abdominal cavities. The permission slip the widow was requested to sign already had been signed by a doctor and a nurse as witnesses.
The autopsy did not result in disfigurement or mutilation noticeable to any one at the wake or the funeral; and Mrs. French did not discover it had been performed until she read the death certificate ten days later, after the funeral had taken place. She immediately contacted the undertaker who referred her to the hospital. The following morning Dr. Alton Ochsner, chief of the surgical service at Ochsner Clinic and Ochsner Foundation Hospital, called on her and apologized for what he described as an error committed by hospital employees.
At the trial Dr. Ochsner testified the unsigned autopsy permit had gotten into the record when it went down to the hospital morgue; and apparently because it contained the signatures of two witnesses, the remainder of the permit was not examined further and the autopsy was performed under the mistaken impression that permission therefor had been obtained. But as the doctor admitted he was out of town at the time of the decedent's death and did not return until more than a week later, that testimony is hearsay and cannot be considered. The doctor also testified the autopsy had medical importance because it revealed the type of cancer the decedent had (mesothelioma) was not caused by smoking.
Mrs. French testified, and her testimony substantially was confirmed by a plaintiff witness, Mrs. Simonin, a close friend: During his lifetime her husband had expressed objections to an autopsy. She felt he had gone through enough and "there was no reason for any more." After finding out an autopsy had been performed she was unable to sleep, waking up "* * * many a night, wondering if Mr. French *373 was really dead when they did it." She had worrried, lost sleep and weight, been extremely nervous and had difficulty remaining at her work, continuously to the time of trial slightly more than two years after the death of her husband, all as a result of the autopsy.
Appellants contend: (1) there can be no recovery for mental anguish because the unathorized autopsy in no way mutilated the dead body or interferred with the burial; and, alternatively, (2) since Mrs. French did not learn of the autopsy until approximately 10 days after her husband's death, and since she was suffering from the grief and sadness normally attendant upon the death of her husband, any additional mental anguish associated with learning an autopsy had been performed could result only in such damages as are "de minimus" and therefore not compensable.
An action for mental pain and anguish caused by an unauthorized autopsy appears to be res nova in this state. We have been able to find only one Louisiana case sufficiently close on point as to be apropos here. In that case, Blanchard v. Brawley, La.App., 75 So.2d 891, damages were awarded to the mother, brothers and sisters of the decedent for mental pain and anguish resulting from the mutilation of his corpse which employees of the defendant, operator of an automobile wrecker service, negligently had burned beyond recognition in attempting to remove the body from a wrecked truck.
Blanchard held the petitioners in that case had a cause of action under LSA-C.C. Art. 2315 and followed the rule in other jurisdictions, that although in the strict or ordinary use of the term there is no right of property in a dead body, the duty to dispose of a corpse by a decent burial includes the right to possession of the body in the same condition in which death leaves it and the right to recover damages for unauthorized mutilation of the body. 25A C.J.S. Dead Bodies §§ 2, 8(3); 83 A.L.R. 2d Annot. 955; 17 A.L.R.2d Annot. 770; Jackson, Law of Cadavers 2nd Ed. pp. 164-183; 22 Am.Jur.2d Dead Bodies § 4.
We also find the general rule in other jurisdictions is that an unauthorized autopsy is a tort giving rise to a cause of action for damages; and in those jurisdictions the courts are not primarily concerned with the extent of the physical mishandling, injury or mutilation to the body per se, but rather with the effect of the same on the feelings and emotions of the surviving relatives who have the duty of burial. 25A C.J.S. Dead Bodies § 8(1); 22 Am.Jur.2d Dead Bodies §§ 31, 32, 42, 43; Liberty Mutual Ins. Co. v. Lipscomb, 56 Ga.App. 15, 192 S. E. 56; Aetna Life Ins. Co. v. Burton, 104 Ind.App. 576, 12 N.E.2d 360; Alderman v. Ford, 146 Kan. 698, 72 P.2d 981; Beller v. City of New York, 269 App.Div. 642, 58 N.Y.S.2d 112; Zaslowsky v. Nassau County Public General Hosp., 27 Misc.2d 379, 209 N.Y.S.2d 921; Trammell v. City of N. Y., 193 Misc. 356, 82 N.Y.S.2d 762.
Appellants' first contention, that there can be no recovery because the autopsy in no way mutilated the body or interferred with the burial, is untenable. It is true there was no interference with the burial. But it is also true that Mrs. French did not receive the body of her husband in the same condition it was at the time of death. Testimony given on behalf of the defendants by the pathologist who supervised the autopsy establishes that the two body cavities, thoracic and abdominal, were entered through an anterior "Y" shaped incision, the various organs were removed and examined, and tissue samples were taken for histological interpretation. The pathologist also testified that the usual embalming procedure for preservation of the organs was unnecessary because of their removal. Within the meaning of the rule under which defendants are liable, dissection is mutilation. And, as we have said, the primary consideration is not the extent of mutilation per se; it is the effect of the mutilation on the feelings and emotions of those who have the duty of burial. If the *374 mutilation had been sufficiently extensive as to interfere with burial, that fact would have been an additional element to be considered in determining the effect of the mutilation on the decedent's widow.
Nor do we agree with appellants' second contention, that the damages are "de minimus" and therefore not compensable. In this connection we believe it suffices to say the amount awarded by the trial court is not "de minimus" and we have decided to increase that amount.
In considering the question of quantum we follow the doctrine enunciated in the Supreme Court cases of Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149; Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64, and Ballanga v. Hymel, 247 La. 934, 175 So.2d 274, and confine our review to determining whether there has been an abuse of the "much discretion" vested in the trial court in assessing damages, considering similar cases as relevant only for the purpose of determining whether there has been an abuse of that discretion.
However, and we have considered Humphreys v. Bennett Oil Corporation, 195 La. 531, 197 So. 222, involving mental anguish caused by desecration of graves and tombs and therefore in our opinion not here applicable, the only Louisiana case we have found which is sufficiently similar for examination for quantum purposes is Blanchard v. Brawley, supra. In Blanchard, which was handed down in 1954, the court allowed the sum of $800 to the mother of the decedent and $250 to each of his five brothers and sisters. We note that in Blanchard the court considered mitigating circumstances in assessing damages, particularly in that the defendant's employees had tried all other means to remove the body from the wrecked truck before a decision was made to use a torch in an endeavor to accomplish that end.
We find no mitigating circumstances in the instant case. While it is difficult to distinguish the mental pain and anguish suffered by Mrs. French as a result of the unauthorized autopsy from the grief and sadness normally attendant upon the death of her husband, we are convinced that a material part of her suffering was caused by the autopsy. It came at a particularly inopportune time and aggravated her condition; and her understandable sense of outrage and frustration at being deprived of her intention to fulfill her husband's wishes, despite her efforts to do so, is an element to be considered. We conclude the award should be increased to the sum of $1,500.
For the reasons assigned, the judgment appealed from is amended so as to increase the amount of the award from $500 to $1,500. As thus amended, and in every other respect, the judgment appealed from is affirmed; all costs in this court to be paid by the defendants-appellants.
Amended and affirmed.