**Leah K. HENDRIKSEN, as Executrix of the Estate of W. Eloise Hendriksen, Deceasd, and Leah K. Hendriksen, individually, Plaintiffs,**

v.

**The ROOSEVELT HOSPITAL et al., Defendants.**

No. 66 Civ. 102.

United States District Court
S. D. New York.
March 19, 1969.

---

Moser, Henkin & Alper, New York City, for plaintiffs; Norman E. Henkin, New York City, of counsel.

George S. Pickwick, New York City, for defendant The Roosevelt Hospital.

## OPINION

COOPER, District Judge.

Plaintiff, Leah K. Hendriksen, seeks to recover damages, *inter alia*, for wrongful retention on autopsy of the internal organs and viscera of her deceased sister, W. Eloise Hendriksen. Plaintiff is the sole surviving next of kin of said decedent. Jurisdiction vests in this Court by reason of the diversity of citizenship of the parties. See 28 U.S.C. § 1332(a) (1).

While the requisite jurisdictional amount is present, the Court notes that plaintiff, an attorney at law, brought this action not with a view to material gain (although this would in no wise affect our consideration), but rather for the limited purpose of establishing and protecting the principle of law.

At the close of plaintiff's case her claims for malpractice and wrongful death were dismissed as against all defendants. We are herein concerned only with plaintiff's remaining cause of action predicated upon unlawful retention of the internal organs and viscera of the deceased. At the direction of the Court and pursuant to the stipulation and consent of all parties, this claim was dismissed as to the defendant doctors, whose identity we see no purpose in divulging. Thus, the sole question before us is whether defendant Roosevelt Hospital is entitled to a dismissal at the close of plaintiff's case of plaintiff's final cause of action.

W. Eloise Hendriksen died in the Roosevelt Hospital on June 4, 1964. That same day the plaintiff, sister of the deceased and sole surviving next of kin, executed an authorization which stated in full: "Permission is hereby granted for a complete autopsy to include examination (by scalp incision) of the central nervous system."

The moving defendant had admitted, in answer to interrogatories, that it had retained decedent's brain, but claimed that other organs removed were substantially returned to decedent's body. On the trial

the plaintiff offered the uncontradicted evidence of the receiving undertaker and of the interring undertaker, as well as the unimpeached deposition of Dr. Charles E. Black, a pathologist, all of which established that there had been no interference by third parties with the remains of the deceased; that when the remains were exhumed and reautopsied, all of the internal organs and viscera were found to be absent. There was thus uncontradicted proof that defendant had in fact failed to replace any of the internal organs of the deceased after the performance of an admittedly authorized autopsy.

The issue of law raised on this motion at the close of plaintiff's case is therefore clear and unequivocal, to wit, whether, viewing the facts most favorably to plaintiff, a reasonable jury could find this authorized autopsy did not include the right to retain or dispose of the internal organs of the deceased; and, if so, whether a cause of action would lie against defendant hospital for such retention.

■ The substantive law of New York governs this action. See Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In this State the right to possession of a dead body belongs to the decedent's next of kin, and anyone performing an unauthorized autopsy or otherwise mutilating the remains without the consent of such next of kin may be required to pay damages for the injury to feelings and mental suffering resulting from such unlawful act even though no pecuniary damage is alleged or proved. See Darcy v. Presbyterian Hospital, 202 N.Y. 259, 95 N.E. 695 (1911); Grawunder v. Beth Israel Hospital Assn., 242 App.Div. 56, 272 N.Y.S. 171 (1934), aff'd 266 N.Y. 605, 195 N.E. 221 (1935); Beller v. City of New York, 269 App.Div. 642, 58 N.Y. S.2d 112 (1st Dept.1945); Trammell v. City of New York, 193 Misc. 356, 82 N.Y. S.2d 762 (Sup.Ct.1948).

The authority to perform an autopsy derives solely from statute. See Public Health Law, McKinney's Consol.Laws, c. 45, § 4210. Absent a special statutory basis for autopsy or a coroner's or District Attorney's investigation, none of which is claimed by defendant, autopsy is permitted under that statute only:

"3. Whenever and so far as the husband, wife or next of kin of the deceased, being charged by law with duty of burial, (a) may authorize dissection for the sole purpose of ascertaining the cause of death, or (b) may authorize dissection for any other purpose by written instrument which shall specify the purpose and extent of the dissection so authorized."

Without question plaintiff consented to an autopsy for the purpose of ascertaining cause of death. There is doubt, however, whether that consent extended to authorize the complete retention of decedent's brain and all of her internal organs. Nothing in the statute grants so broad an authority. In fact, applying the maxim that statute's in derogation of the common law must be strictly construed, the statute's use of the limiting expression "so far as" tends toward an opposite conclusion.

We are not herein concerned with the mere removal of organs in the course of autopsy, or the taking of tissue samples in order to determine cause of death, but with the failure, as yet unexplained, to return those organs to the body and thereby restore its condition to the extent reasonably possible. The necessity of consent to the retention of parts of the body, even in the presence of consent to the autopsy itself, was established by Hassard v. Lehane, 143 App.Div. 424, 427, 128 N.Y.S. 161 (1st Dept. 1911), which stated:

"Doubtless if the defendant made the autopsy by the direction of the coroner, that would justify the dissection of the body * * * but it would not, in the absence of further directions from the coroner or district attorney, or other evidence, warrant the removal or detention of any part of the body." (citations omitted).

 

In Palmquist v. Standard Accident Insurance Co., 3 F.Supp. 358, 359 (S.D. Cal.1933) the Court held:

> "The unusual nature of the case makes the citation of authorities somewhat difficult. No right was possessed by the insurance company other than to make an autopsy. This included acts and operations necessarily involved therein. It contemplated removal of the internal organs, but did not contemplate their retention."

Further, an action for their wrongful retention was held to lie after a reasonable time has elapsed and without the necessity of a demand for their return. 3 F.Supp. at 359.

 To summarize, it is for the jury to determine from the evidence whether defendant retained the organs and viscera of the deceased; whether plaintiff's consent to autopsy was a limited license, not carrying with it the right to retain the various organs of the decedent's body;[1] whether defendant exceeded by virtue of this retention that which was reasonably necessary to ascertain the cause of death. Assuming affirmative responses to the above to be forthcoming, the jury could fairly find that the retention of the brain and organs constituted an unnecessary, negligent and unauthorized mutilation of the remains of decedent.

However well motivated the physician conducting the autopsy may be and even conceding the result of his investigation might conceivably enhance the advancement of science, he is bound by the consent granted him by the next of kin, whose feelings, emotions and human values he has no right to ignore. Surely, no one would wish that the law be otherwise. And so it is in cases such as this that the courts are not primarily concerned with the extent of physical mishandling or injury to the bodily remains per se, but rather with whether such improper action causes mental suffering to surviving kin.

Roosevelt Hospital does not contend that it may escape liability for the tort of wrongful retention of portions of an autopsied body by virtue of its institutional status. See Grawunder v. Beth Israel Hospital Assn., *supra*; Bing v. Thunig, 2 N.Y.2d 656, 163 N.Y.S.2d 3, 143 N.E.2d 3 (1957).

Under the foregoing criteria of law and the facts hereinabove set forth, plaintiff has made out a prima facie case sufficient to submit to the jury on the issue of unlawful detention of the organs of the decedent. Accordingly, Roosevelt Hospital's motion to dismiss the third cause of action is denied.

This shall be considered an order; settlement thereof is unnecessary.

---

1. In fact, defendant Roosevelt Hospital's Trial Memorandum at p. 6 expressly recognizes the existence of this factual issue as to the scope of consent, and furthermore concedes the existence of plaintiff's right to recover should the permission be found not to carry with it the right to retain the organs.