336 So.2d 342 (1976)
Nellie Magee MORGAN et al.
v.
Moses L. RICHMOND and Cook-Richmond Funeral Home, Inc.
No. 10778.
Court of Appeal of Louisiana, First Circuit.
June 30, 1976.
Rehearing Denied August 27, 1976.
Plaintiffs in pro per.
Monte J. Ducote, New Orleans, for appellee.
Before LANDRY, COVINGTON and PONDER, JJ.
PONDER, Judge.
This is a suit for damages allegedly resulting from the wrongful detention of the body of the deceased mother of the plaintiffs-appellants, Nellie Magee Morgan, Allee Magee, Charles Magee, Ollie Magee, Paralee Magee Acker, Eddie Magee and J. C. Magee, by the defendants-appellees, Moses L. Richmond and Cook-Richmond Funeral Home, Inc. The trial judge rendered judgment in favor of the defendants-appellees, dismissing plaintiffs' suit at their cost.
Plaintiffs-appellants have timely prosecuted this appeal. We reverse.
In the morning of September 9, 1970, the body of plaintiff's brother was found and brought to Tucker's Funeral Home for funeral arrangements. In the early evening that same day plaintiffs' mother died at a hospital in Bogalusa. Nellie Magee Morgan signed a release at the hospital authorizing Cook-Richmond Funeral Home, Inc. to pick up the body.
Still later that evening, several of the plaintiffs decided that both bodies should be at the same funeral home. They went to the establishment of Earl Arnold and told him of their desires. Mr. Arnold immediately went to the hospital, but there found that Cook-Richmond already had the body. He went back to the funeral home and Nellie Magee Morgan and J. C. Magee signed a release authorizing Earl Arnold's Funeral Home to pick up their mother's body from Cook-Richmond.
Mr. Arnold testified that he then went to Cook-Richmond and presented Moses Richmond with the release, but that Mr. Richmond refused to release the body. J. C. Magee testified that upon learning of this refusal he called Mr. Richmond around 10 p. m., and was told that it would cost $150.00 to get the body released. After some discussion, *343 Mr. Richmond reduced his demand to $125.00.
Plaintiffs' attorney testified that he called Mr. Richmond around seven o'clock the next morning and asked him to release the body, but Mr. Richmond said he had a right to keep the body until he was paid.
Moses Richmond testified that he did not talk to plaintiffs' attorney; he did not refuse to release the body until he received $125.00; he did not talk to J. C. Magee; and, he referred the matter to his attorney early in the morning of September 10.
In spite of these denials by Mr. Richmond we note that the pre-trial order in this matter, signed by counsel for both plaintiffs and defendants, expressly states as established fact that "A request was made for the body by Earl Arnold, who stated he was acting for plaintiffs, and Moses L. Richmond advised that the body would not be released until he received $125.00," and that "Roy M. Lilly, Jr., plaintiffs' attorney herein contacted Moses L. Richmond, advised him that he represented plaintiffs and advised him of the provisions of Louisiana Revised Statutes 37:1846(13) [37:846(13)] and requested that the body be released." Furthermore, it is clear from the record that defendants' defense in this matter is that the law does not afford plaintiffs a remedy; that plaintiffs were themselves negligent in refusing to pay the $125.00; and, that defendants were justified in refusing to release the body until at least two of the children demanded the body.
The dispute as to whether plaintiffs have a cause of action in this matter was unnecessarily clouded by reference to LSA-R.S. 37:846 et seq., which places a fine on any funeral home director who refuses to surrender a body upon request. Plaintiffs argued in the court below that although the statute had a penal provision, it nevertheless imposed a civil cause of action as well. Defendants argued that the statute was merely penal in nature.
No reliance on an interpretation of LSA-R.S. 37:846 et seq. is necessary. While there seems to be no Louisiana cases squarely on point, other jurisdictions have almost universally recognized a cause of action under these circumstances. See Annotation, Liability in Damages for Withholding Corpse from Relatives, 48 A.L.R.3d 240, especially § 7 at page 249. We find no reason to follow a contrary course. See Blanchard v. Brawley, 75 So.2d 891 (La. App. 1st Cir. 1954), from which the following quotation is taken at page 893:
". . . although there is no property right to a dead human body in a commercial sense, here is a quasi property right in the nearest relative or next of kin of the deceased, said right being predicated on the universally recognized duty involves the right to possession and custody of the body for purposes of burial or sepulchre . . ."
We have found nothing in our law granting a funeral home the right to retain a body until services performed thereon have been paid. See 48 A.L.R.3d 240, supra. Instead, we note that those performing funeral services are given a privilege on both the movables and immovables of the deceased's estate and that this privilege is of the highest rank. See C.C. Art. 3191 et seq. and C.C. Art. 3254 et seq. Certainly, such a secured creditor should not have a right to maintain possession of deceased's body to secure payment.[1]
Mr. Richmond's argument that a demand by two children was necessary so that he "would be protected" in releasing the body is in conflict with the facts of record. Mr. Richmond picked up the body from the hospital upon written authorization of only one of deceased's daughters, Nellie Magee Morgan. He relied upon this authorization by only one of the children to embalm the body. Yet, in spite of this, he refused to release the body to Mr. Arnold when he was presented with a release authorization *344 signed not only by the same Nellie Magee Morgan, but also by J. C. Magee, whose signature was designated "son."
Finally, defendants argue that plaintiffs failed to prove by a preponderance of the evidence that they suffered damages. This argument is based on the statement of the trial judge in written reasons handed down eighteen months after trial that "It is difficult to determine what portion of the grief of some of the plaintiffs resulted from the death of the mother; the death of the brother; or the state of affairs involved in moving each of the bodies from the original funeral home (two separate ones) to the Arnold establishment."
We disagree with defendants' argument that damages were not proven. There was uncontroverted testimony as to upset, humiliation and embarrassment. Recovery for these under analogous circumstances has been allowed. See Blanchard v. Brawley, supra.
Under the circumstances we feel that an award of $250.00 each to Nellie Magee Morgan, Allee Magee, Ollie Magee, Charles Magee, J. C. Magee and Eddie Magee is proper. Since Paralee Magee Acker arrived in Bogalusa after Arnold's had gotten the body, we feel that an award in her favor of $100.00 is ample under the circumstances.
For the above and foregoing reasons the judgment of the lower court is reversed; and judgment is granted herein against defendants Moses L. Richmond and Cook-Richmond Funeral Home, Inc., in solido, and in favor of Nellie Magee Morgan, Allee Magee, Ollie Magee, Eddie Magee and J. C. Magee in the amount of $250.00 each, and in favor of Paralee Magee Acker in the amount of $100.00; all with judicial interest from date of demand. Appellees are to pay all costs of these proceedings.
REVERSED AND RENDERED.
NOTES
[1] Having found that Cook-Richmond was unjustified in demanding payment before releasing the body, we need not discuss defendants' argument that plaintiffs were "contributorily negligent" by refusing to pay the $125.00.