359 So.2d 1317 (1978)
Mrs. Marguerite Lawson, widow of Silas ROBINSON
v.
PROVIDENCE MAUSOLEUM, INC.
No. 9301.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1978.
Sidney L. Shushan (Guste, Barnett & Shushan), New Orleans, for plaintiff-appellant.
Laurence E. Larmann (Hailey, McNamara, McNamara & Hall), Metairie, for defendant-appellee.
*1318 Before REDMANN, LEMMON and BOUTALL, JJ.
REDMANN, Judge.
Plaintiff by this appeal seeks increase in quantum of a judgment for $100 damages from the burial of her husband in the wrong grave. We affirm.
The cemetery realized its mistake the next morning and, without consulting plaintiff, exhumed the casket to reinter it in plaintiff's plot. Meanwhile plaintiff, who had "noticed" at the original interment that the grave was not her own plot, returned for an explanation and learned of the error and of the casket's having already been exhumed for reinterment. Plaintiff saw the casket, in the condition one must expect from interment in New Orleans: wet and muddied, with its top cracked from the weight of the earth and part of its cloth covering loosened by moisture and movement. Plaintiff waited almost an hour while her own plot was prepared and reinterment was accomplished.
Plaintiff was, most naturally, "shocked" and upset at the distressing and inexplicable failure by defendant to perform its contractual obligation to prepare the correct site for her husband's burial, and the less-than-ideal remedying of the error. (As a minimum, the widow should have been informed beforehand of the discovery of the error and of the proposal to remedy it. Because both graves were unused, she might have preferred to swap plots, if the other owner would consent.) But plaintiff had no medical expenses and no loss of earnings as a result of her shock. Already heavy-burdened by the loss of her husband, she appears to have borne the shock of his necessary disinterment and reburial admirably well.
This is not a case of outrage, as in the deliberate profanation of graves for profit, Humphreys v. Bennett Oil Corp., 1940, 195 La. 531, 197 So. 222 ($20,000 reduced to $3,000); or the negligent performing of an autopsy over the widow's expressed objection, French v. Ochsner Clinic, La.App. 4 Cir. 1967, 200 So.2d 371, writ refused 251 La. 34, 202 So.2d 652 ($500 increased to $1,500; "the primary consideration . . . is the effect of the [breach of duty] on the feelings and emotions" of the survivors, 200 So.2d at 373); or the refusal by a mortician to return a corpse to the family, Morgan v. Richmond, La.App. 1 Cir. 1976, 336 So.2d 342 ($250). Nor is it a case of accidental destruction of the body, preventing a normal funeral, as in Blanchard v. Brawley, La.App. 1 Cir. 1954, 75 So.2d 891 ($2,000 and $1,000 reduced to $800 and $250 for decedent's mother and siblings).
We concede that the award of $100 may be minimal but, because there were no aggravating circumstances and no dire consequences to the widow, we conclude that the award is within the trial judge's "much discretion", C.C. 1934(3).
Affirmed.