464 So.2d 943 (1985)
Leulla Burton, Widow of Alexander BURTON, Sr., George Burton, Johnny Burton, Melvin Burton, Albert Burton, Sandra Burton, Van Burton, Maxine Burton, Alexander Burton, III, & Salvadore Burton
v.
The CITY OF NEW ORLEANS.
No. CA-2315.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
*944 Marvin C. Grodsky, New Orleans, for plaintiffs-appellants, Luella Burton, et al.
Elmer G. Gibbons, Asst. City Atty., Robert Gisevius, Deputy City Atty., Douglas P. Wilson, Chief Deputy City Atty., Salvador Anzelmo, City Atty., New Orleans, for defendant-appellee, The City of New Orleans.
Before LOBRANO, WARD and ARMSTRONG, JJ.
WARD, Judge.
Luella Burton, widow of Alexander Burton, Sr., and their nine children seek to increase the $5,000.00 judgment awarded to them and against the City of New Orleans for the unjustifiable disturbance of the body of Alexander Burton, Sr. The Trial Judge found the City liable and awarded a lump sum amount for damages for all plaintiffs. We affirm that part of the judgment holding the City negligent, but we reverse the award of damages and remand to the Trial Court for a new trial on that issue.
Alexander Burton, Jr. was buried in 1956 in Holt Cemetery which is owned and operated by the City of New Orleans. In 1980, Alexander Burton, Sr., his father, was buried in the same grave site, a family grave. In June of 1982, Robert Joseph Carter, a stranger to the Burton family, was buried in the same grave site after Alexander Burton, Sr.'s remains were removed to another gravesite without knowledge or consent of any member of the Burton family.
The City does not seriously deny its liability and that portion of the judgment is affirmed. Plaintiffs, however, contend that each plaintiff has a right to damages and that the damages awarded were grossly inadequate.
Each family member has a distinct right of action for mental pain and anguish due to wrongful disinterment of a beloved. Blanchard v. Brawley, 75 So.2d 891 (La. App. 1st Cir.1954). Therefore, the Trial Judge should have made individual awards, Morgan v. Richmond, 336 So.2d 342 (La. App. 1st Cir.1976), and he erred when he awarded damages in a lump sum amount for all plaintiffs. Since we reverse and remand for a new trial on the issue of damages, we believe it is inappropriate at this time to consider whether the damages were grossly inadequate.
REVERSED AND REMANDED.