529 So.2d 883 (1988)
Tony FORTUNA, et al.
v.
ST. BERNARD MEMORIAL GARDENS, INC.
No. 88-CA-0179.
Court of Appeal of Louisiana, Fourth Circuit.
August 16, 1988.
Rehearing Denied September 14, 1988.
Dan C. Garner, Michael J. Navitsky, Garner & Munoz, New Orleans, for appellants.
Andrew I. Brown, Louis V. Rand, II, Henican, James & Cleveland, Metairie, for appellees.
Before GARRISON, CIACCIO and WARD, JJ.
*884 CIACCIO, Judge.
Plaintiffs appeal from a judgment of the district court which granted defendant's exception of no right of action. The judgment of the district court is affirmed in part, reversed in part and remanded to the district court for further proceedings consistent herewith.
The sole issue on appeal is who are the proper parties to bring a suit for damages for disturbance of a decedent's remains.
Plaintiffs, the mother, stepfather, brother, sister and aunt of the deceased, Rose Norris, filed suit to recover damages for the mental distress they suffered when the defendant allegedly comingled the remains of Ms. Norris with those of her uncle, Joseph Santolucito.[1] Defendant filed an exception of no right of action and a motion for summary judgment. The district court granted the exception of no right of action and dismissed plaintiffs' suit after finding that "the surviving spouse and the descendants of the decedent are the proper parties to assert the action alleged in the petition. More remote relatives of the decedent have a right of action only if there is no surviving spouse and no descendants of the decedent." The court also found that, in view of its ruling, the motion for summary judgment was moot.
The facts, as revealed by the record are as follows:
In October, 1982 Joseph Santolucito died. His wife, Rosemary Santolucito, contracted with St. Bernard Memorial, Inc. for his burial in crypt number 1240.
On April 18, 1984 Rose Norris, the niece of Rosemary and Joseph Santolucito, died. At this time, her stepfather, Tony Fortuna, contacted the defendant regarding reuse of crypt number 1240 for the burial of Ms. Norris. The crypt's owner, Rosemary Santolucito, signed a contract for this purpose which was entitled "Authorization and Request to Reuse Burial Facility."
On April 20, 1984 Rose Norris was buried in a casket in crypt number 1240. The remains of Joseph Santolucito were placed in a plastic pouch which was then placed in the casket alongside the remains of Rose Norris.
Anna Fortuna purchased a crypt for six interments from the defendant on June 12, 1984. On October 12, 1984 the remains of Mr. Santolucito and Rose Norris were each transferred to this crypt from their former resting place in crypt number 1240.
On appeal plaintiffs contend the trial court erred in granting the exception of no right of action in that state law provides a separate and distinct right of action to each family member in cases such as this.
In this court's decision in Burton v. City of New Orleans, 464 So.2d 943 at 944 (La.App. 4th Cir.1985), we recognized the principle espoused in Blanchard v. Brawley, 75 So.2d 891 (La.App. 1st Cir.1954) that "[E]ach family member has a distinct right of action for mental pain and anguish due to wrongful disinterment of a beloved." The jurisprudence recognizes such a right in "the descendants and near relatives" of those interred. Thomas v. Mobley, 118 So.2d 476 (La.App. 1st Cir.1960), citing Humphreys v. Bennett Oil Corp., 195 La. 531, 197 So. 222 (1940). See: Locke v. Lester, 78 So.2d 14 (La.App. 2nd Cir.1955).
In this regard, the jurisprudence of this state has recognized a right of action in the parents (Blanchard v. Brawley, supra); the children (Humphreys v. Bennett Oil Corp., supra; Burton v. City of New Orleans, supra); the surviving spouse (Burton v. City of New Orleans, ibid); and the brothers and sisters of the decedent. (Humphreys v. Bennett Oil Corp., supra; Blanchard v. Brawley, supra). We know of no case which has allowed a right of action in a step-parent to seek damages in a case such as this, nor have we been cited such a case by the plaintiffs herein. We, therefore, refuse to extend the jurisprudence to allow the step-parent such a right of action under the general tort laws of the state. La.C.C. Art. 2315.
*885 Moreover, we know of no case which has extended this right of action to the aunt of the deceased. For this reason, Mrs. Santolucito is precluded from bringing this suit to recover damages for the disturbance of the remains of her late niece, Rose Norris. However, insofar as her action sounds in tort or contract for the disturbance of the remains of her late husband, Joseph Santolucito, said right of action will be maintained.
Defendant argues that the remaining plaintiffs, although "near relatives," have no right of action in this case because they do not fall within the class of heirs first entitled to sue in the legislatively established hierarchy set forth in Louisiana Revised Statute Title 8 Section 655.
Louisiana Revised Statute Title 8 Section 655 provides as follows:
Sec. 655. Right of disposing of remains
The right to control the disposition of the remains of a deceased person, unless other directions have been given by the decedent, vests in and devolves upon the following in the order named:
(1) The surviving spouse, if not judicially separated from the decedent;
(2) The surviving children of the decedent;
(3) The surviving parents of the decedent;
(4) The surviving brothers and sisters of the decedent.
Acts 1974, No. 417, Sec. 1.
Defendant cites several secondary authorities for its position that the one who has the right to custody of the body for burial is the proper party to maintain an action for its disturbance. We reject this theory and refuse to follow these out-of-state decisions.
It is our opinion that Louisiana Revised Statute Title 8 Section 655 was enacted in order to give guidance to cemetery companies in their dealings with the public concerning the disposition of human remains. Acts 1974, No. 417, General Purpose Clause. We do not find that the legislature intended to legislatively overrule the prior jurisprudence which gave "near relatives" the right to bring a damage action for distress sustained as the result of the disturbance of the remains of their relative, nor did the legislature intend to restrict the class of plaintiffs in such suits to a certain hierarchy.
For these reasons we find that Josephine, Anna Marie, and Mark Anthony Fortuna, as the mother, brother and sister of the deceased, Rose Norris, have a right of action for damages for the disturbance of her remains. Moreover, we find Rose Santolucito has a right of action for the disturbance of the remains of her husband.
Insofar as the district court judgment maintained the exception of no right of action with regard to Tony Fortuna and Rose Santolucito in their suit to recover damages for the disturbance of the remains of Rose Norris the judgment is affirmed. In all other respects the judgment of the district court, maintaining the exception of no right of action, is reversed and the case is remanded to the district court for further proceedings consistent herewith. Each party shall bear its own costs.
REVERSED IN PART, AFFIRMED IN PART AND REMANDED.
NOTES
[1] Although Ms. Norris is survived by her husband and minor daughter, they are not parties to this suit.