698 So.2d 699 (1997)
Ann Harold GREEN, et al.
v.
SOUTHERN TRANSPLANT SERVICE, INC., et al.
No. 97-C-1133.
Court of Appeal of Louisiana, Fourth Circuit.
August 13, 1997.
*700 Lisa C. Matthews, Maria I. O'Byrne Stephenson, Catherine I. Chavarri, Kathleen D. Lambert, Aimee Lonergan, Stephenson, Matthews, Chavarri & Cerniglia, New Orleans, for Plaintiffs/Relators.
Marie A. Bookman, Deputy City Attorney, Avis Marie Russell, City Attorney, New Orleans, for Defendant/Respondent.
Thomas E. Loehn, Jedd S. Malish, Boggs, Loehn & Rodrigue, New Orleans, for Defendants/Respondents.
Before BYRNES, WALTZER and MURRAY, JJ.
BYRNES, Judge.
Daniel Harold died. An autopsy was performed. Plaintiffs-relators filed suit for damages claiming that bone and tissue were removed from the body of the decedent without authorization for organ transplant purposes unrelated to the autopsy; that certain personal effects of the decedent in the custody of the coroner's office have never been returned; and a wallet that the decedent allegedly had on his person at the time of his death was apparently removed from the decedent's body prior to the time the body arrived at the coroner's office.
Plaintiffs-relators assert various claims for damages which include the following: the decedent's mother, Ann Harold Green, for the emotional distress she suffered from the unauthorized harvesting of the decedent's bone and tissue and from the failure of the police department and coroner's office to return the decedent's wallet and other personal effects; Mrs. Green on behalf of her son, Paul Dugas, (a half brother of the decedent who was twelve at the time his half brother's death) for his emotional distress arising out of the desecration of the body including the failure to return personal effects, and for the loss of services and companionship from his mother due to her emotional distress; Mrs. Green's husband, Robin David Green, stepfather of the decedent, for the loss of consortium, services and society which he suffered due to the emotional distress of his wife; and lastly the Greens sue on behalf of their daughter, Rachel Green, half-sister of the decedent, (who was less than a year old at the time of the decedent's death), for the loss of services and companionship of her mother because of her mother's emotional distress. No claim was made for Rachel's emotional distress in connection with the desecration of her brother's body because she was too young to be aware of it.
Made defendants in connection with the claim for desecrating the body by the unauthorized harvesting of the decedent's bone and tissue were Southern Transplant, Terry Picou and Magline Pierre, both Southern Transplant employees, St. Paul Fire and Marine Insurance Company, Southern Transplant's insurer, and Franklin Minyard, Coroner of Orleans Parish, along with Dr. Tracy and John Gagliano, both of the coroner's office. Plaintiffs-relators also sued the City of New Orleans, the New Orleans Police Department, and Chief of Police Richard Pennington, as well as the unknown officers and paramedics who participated in the examination and transport of the decedent, relative to the missing wallet and other personal effects.
Exceptions of no right and no cause of action were filed by all defendants except the unknown paramedics. The trial court denied the exceptions as to Mrs. Green's individual claim, but dismissed the claims of Paul Dugas, Rachel Green, and Robin David Green. In addition, the trial court found that Chief Pennington was an improper party and ordered that the suit be amended to omit Chief Pennington's name.
*701 The plaintiffs here seek supervisory review of the ruling dismissing the claims of Paul Dugas, Rachel Green and Robin David Green.
Plaintiffs have no claim for damages under LSA-C.C. art. 2315.6 because that article does not apply to injuries inflicted upon dead bodies.
The decedent had no claim for the injuries done to his body after his death because he was no longer a legal person capable of suffering physical or mental injury. Because the decedent had no personal claim for the desecration of his corpse, plaintiffs have no claim for survival damages under LSA-C.C. art. 2315.1.
However, plaintiffs do have a claim under LSA-C.C. art. 2315 for general tort damages for whatever emotional distress they are able to prove at a trial on the merits for the desecration of the body of the decedent. In Blanchard v. Brawley, 75 So.2d 891 (La.App. 1 Cir.1954), the court rejected exceptions of no cause or right of action and awarded damages under LSA-C.C. art. 2315 to the mother and five siblings of the deceased for emotional distress they experienced as a result of damage done to the body of the decedent following his death. The Blanchard court specifically noted that this was a claim for damage sustained directly by the claimants and was not to be considered in the category of claims for mental pain and anguish resulting from physical damage to a third party.
In sustaining an action for emotional distress for damages caused to a corpse by an unauthorized autopsy, this Court in French v. Ochsner Clinic, 200 So.2d 371, 373 commented upon and followed Blanchard:

Blanchard held the petitioners in that case had a cause of action under LSA-C.C. Art. 2315 and followed the rule in other jurisdictions, that although in the strict or ordinary use of the term there is no right of property in a dead body, the duty to dispose of a corpse by a decent burial includes the right to possession of the body in the same condition in which death leaves it and the right to recover damages for unauthorized mutilation of the body.
The great value that diverse cultures have attached to respect for the bodies of deceased loved ones and the desire for a "decent" burial can be traced back to Neanderthal times and cuts across all cultures and religions. Indeed, it is because of this reverence for the deceased that burial sites are prime archeological targets in the quest for cultural artifacts of great historical and artistic importance. Much of our knowledge of our forebears would have been irretrievably lost had it not been for the care and attention lavished on the dead. Armies have been known to call a temporary cessation to hostilities in the midst of battle in order to allow for the burial of the dead. Even in our theoretically more secular and rational contemporary society respect for the dead appears to have lost none of its cultural value and significance as is attested to by, for example, the tremendous impact the demand for the return of the remains of our Vietnam War dead has had on foreign policy. Recognition of this universal cultural phenomenon provides a much more rational basis for plaintiffs' cause of action in an area where courts have recognized the right to recover, but have been uncertain as to how the right should be categorizedproperty right, quasi-property right, damages for injury to a third party, etc.which uncertainty has led to a number of casuistries and convoluted explanations of what should be the simple fact that society recognizes that in our culture certain survivors may experience direct compensable personal mental injury when damage is done to the corpse of a loved one, and that under our civilian delictual theory, LSA-C.C. art. 2315 is broad enough to encompass compensation for such injury. As this Court stated in Fortuna v. St. Bernard Memorial Gardens, 529 So.2d 883, 885:
Defendant cites several secondary authorities for its position that the one who has the right to custody of the body for burial is the proper party to maintain an action for its disturbance. We reject this theory and refuse to follow these out-of-state decisions.
It is our opinion that Louisiana Revised Statute Title 8 Section 655 was enacted in order to give guidance to cemetery companies *702 in their dealings with the public concerning the disposition of human remains. Acts 1974, N. 417, General Purpose Clause. We do not find that the legislature intended to legislatively overrule the prior jurisprudence which gave "near relatives" the right to bring a damage action for distress as the result of the disturbance of the remains of their relative, nor did the legislature intend to restrict the class of plaintiffs in such suits to a certain hierarchy.
In Fortuna this court found that a mother and siblings of the decedent could be considered "near relatives," consistent with Blanchard, supra, but an aunt and a stepfather could not. Fortuna was also significant because the surviving spouse and child of the decedent who would have been highest on the list to the exclusion of all others had an hierarchical approach been taken, were not parties to the suit. The recovery in Fortuna was pursuant to "the general tort laws of the state. La.C.C. Art. 2315." Id., 529 So.2d at 884.
Because the injuries allegedly sustained by plaintiffs were direct, those,
Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person.
LSA-C.C. art. 2315.
Therefore, Ann Harold Green's spouse and children have a cause of action for whatever "loss of consortium, service, and society" arising out of Ann Harold Green's distress they are able to prove, as they would be entitled to recover for her wrongful death under LSA-C.C. art. 2315.2 A(1).
Plaintiffs also assert a claim for mental anguish arising out of the alleged theft of Daniel Harold's wallet and other personal effects. There is no cause of action for such mental distress. The estate of the decedent may have a property claim for the recovery of the decedent's personal effects if it can be shown that they were in fact stolen and if it can be shown who is responsible for the theft. The estate of the decedent is not a party to these proceedings and plaintiffs have not shown that they are either the proper succession representatives or have been placed into possession of the estate of the decedent. Therefore, plaintiffs have no right of action for the loss of the decedent's personal effects and the dismissal by the trial court of plaintiffs' claims against those parties made defendants herein solely in connection with plaintiffs' claims arising out the theft of decedent's personal effects was proper.
For the foregoing reasons the judgment of the trial court dismissing plaintiffs' claims against Southern Transplant Service, Inc., St. Paul Fire and Marine Insurance Company, Theodore J. "Terry" Picou, Magline Pierre, Franklin E. Minyard, Jr., M.D., Richard E. Tracy, M.D., John Gagliano, is reversed and the case is remanded as to those defendants for further proceedings consistent with this opinion. Additionally the judgment of the trial court dismissing plaintiffs' claims against the City of New Orleans, the New Orleans Police Department, Officer "John Doe", and Richard Pennington is affirmed.
No exceptions appear to have been filed by or on behalf of the unknown paramedic(s) and the judgments of the trial court on the exceptions make no mention of the paramedic(s). Therefore, no issue concerning the paramedic(s) is before this Court at this time.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.