| xBYRNES, Judge,
concurring.
I agree entirely with the well reasoned opinion of the majority. I concur only for the purpose of expressing additional concerns about the merits of discovering the information requested under the facts of this case.
The courts have defined claims of the type asserted by plaintiff-respondent as claims for emotional distress. Green v. Southern Transplant Service, Inc., 97-C-1133 (La. App. 4 Cir. 8/13/97), 698 So.2d 699; Blanchard v. Brawley, 75 So.2d 891 (La.App. 1 Cir.1954); French v. Ochsner Clinic, 200 So.2d 371 (La.App. 4 Cir.1967), writ refused, 251 La. 34, 202 So.2d 652 (1967). Such distress does not occur without knowledge of the desecration. The injury is not the physical damage to the body of the decedent as the decedent is no longer a legal person capable of sustaining personal injury. Rather, the injury is to the survivors in the form of emotional distress arising out of the knowledge that the desecration Lhas occurred. Therefore, it is highly unlikely that there will be a class unless plaintiff attempts to notify the class. In order words, “but for” notification of this litigation, the members of the class experience no grief — in fact, it will be the notification that creates the class!
If what plaintiff alleges occurs actually does occur on a recurring basis in practice, it must be stopped. But I do not believe that the rules on class actions and discovery, liberal though they are in Louisiana, were intended to intrude upon the private grief of the intended members of this alleged class. We should allow them to rest in peace.
As I do not feel that class action process is appropriate under the facts as they appear at this stage of the proceedings, I do not share the due process and equal protection concerns expressed by my learned colleague, Judge Jones, in his concurring opinion.