(137 So. 67)

## ONORATO v. MÁESTRI et al.

### No. 30837.

July 17, 1931.

Rehearing Denied Oct. 6, 1931.

Roger Meunier and E. Howard M'Caleb, both of New Orleans, for appellants.

Rosen, Kammer, Wolff & Farrar and Gibbons Burke, all of New Orleans, for appellee.

OVERTON, J.

Plaintiff is a licensed real estate agent, and defendants are the owners of certain mercantile property in the city of New Orleans, which they desired to lease. After ineffectual efforts on defendants' part to lease the property, they listed it with plaintiff, who secured a lease from the Huberwald Drug Company, Inc. Huberwald, personally, prior to the listing of the property, and before the organization of the drug company, offered to lease the property from defendants, but defendants refused the offer, because Huberwald had failed in the drug business several years before. However, when the Huberwald Drug Company, Inc., was organized, plaintiff, it is conceded, was instrumental in bringing the parties together on the terms of the lease.

The lease is dated May 16, 1928, and is for the term of fifteen years, beginning October 1, 1928. The consideration varies during the different periods of the lease. We are concerned with only the first period, commencing October 1, 1928, and ending September 30, 1930. The rent for this period was $5,000 a year, payable monthly in advance, at the rate of $416.66 a month. The first six months of the rent—from October 1, 1928 to March 31, 1928—was paid in advance. The rent for the entire period of the lease aggregates $116,000.

Under plaintiff's contract of employment he was to receive 4 per centum of the gross rent, or $4,640, payable at the time of the execution of the lease. However, as the lease was for a long period, and as defendants were required to spend considerable for repairs to put the property in the condition demanded by the tenant, and as the tenant's financial condition was not strong, defendants did not care to pay plaintiff's commissions at the time of the execution of the lease. Defendants therefore wrote plaintiff, acknowledging their liability to pay the commissions, and suggesting that they be allowed to retain the rent for the first seven months of the lease, namely, from October 1, 1928, to and including April, 1929, and

that they pay plaintiff the full amount of the rent collected for the subsequent months, until the full amount of his commissions should be paid. This proposition was accepted by plaintiff.

On February 27, 1929, at the instance of a creditor, the Huberwald Drug Company, Inc., was put into the hands of a receiver. The receiver was authorized by the court, on March 16, 1929, to pay the rent, under the lease, for six months, beginning April 1, 1929, and ending September 30, 1929, as the receivership was to be conducted as a going concern, and as the six months' rent, paid in advance by the Huberwald Drug Company, Inc., would be exhausted on March 31, 1929.

The lease contains a clause, reading as follows: "Should lessee at any time violate any of the conditions of this lease, or fail to comply with any of the lessee's obligations hereunder, or fail to pay the rent or water bill or other similar charges, punctually at maturity, as stipulated, or upon the filing of a bankruptcy, receivership or respite petition by, or the granting by competent authority of similar petitions against lessee, the rent for the whole unexpired term of this lease shall, without putting in default, at once become due and exigible, and in such event, lessors shall have the option either at once to demand the entire rent for the whole term or to immediately cancel this lease without putting lessee in default. * * * "

Taking advantage of this clause, defendants sued the Huberwald Drug Company, Inc., on May 28, 1929, to rescind the lease, on the ground that the company, while the lease was still in existence, was placed in the hands of a receiver, and, on June 18, 1929, judgment was rendered, rescinding the lease.

As the lease had been rescinded, the receiver, very shortly thereafter, entered into a lease with defendants, expiring September 30, 1929, and, in August, 1929, entered into another contract of lease with defendants for the period beginning October 1, 1929, and ending September 30, 1930. The rent was the same in these contracts, entered into after the rescission, as it was in the contract rescinded. It is admitted that defendants have received under the original lease and under the leases entered into with the receiver all the rent due up to April 1, 1930.

On October 30, 1929, plaintiff brought this suit to recover from defendants $2,499.96, as commissions due him for securing the lease with the Huberwald Drug Company, Inc., under his contract with defendants, as amended by their letter written at the origin of the lease, the contents of which were accepted by plaintiff. As amended, plaintiff was entitled, under the contract, to the rents for the month of May, 1929, and monthly thereafter until his commissions were paid in full, but he was to be paid only out of rents collected. The amount sued for represents the rents collected from May 1, 1929, up to the institution of this suit on October 30, 1930. This period covers a part of the period during which plaintiff claims he is entitled to the rents in satisfaction of his commissions under the amended contract. As to the remainder of the commissions, defendant reserves his right to sue for them, should a cause of action therefor arise.

Undeniably, plaintiff would have been entitled to these rents had the contract of lease not been rescinded, because the Huberwald Drug Company, Inc., was put into the hands of a receiver. Defendants urge, however, that the provision in the contract, giving them the option of canceling the contract should a receiver be appointed, is a resolutory condition, which, under article 2045 of the Civil Code, had the effect, upon the accomplish-

ment of the condition, of revoking the lease, and thereby placing matters in statu quo. They further urge that, as the receiver was appointed prior to the time that the rentals were earned, which were payable to plaintiff, under their amended contract with him, they owe nothing to him, for his contract with them fell upon the appointment of a receiver or the dissolution of the lease. In other words, their position is that, after the dissolution of the lease, whether this was brought about by the mere appointment of a receiver or was postponed until the rendition of judgment dissolving it, nothing was due under the lease, for it had ceased to exist, before any installments of rent, payable to plaintiff by defendants, in settlement of his commissions, were earned under it, and as the payment of plaintiff's commissions was dependent on the collection of rents which were to have been, but which were not, collected under the lease procured by him, but under leases made by defendants with the receiver, he has no right to recover, for his contract for commission necessarily fell with the lease he had procured, and upon which his contract was dependent.

. Plaintiff meets this defense by urging that, as it was optional with defendants, under the terms of the contract of lease, either to enforce payment of the rent or to sue for the rescission of the contract, and as defendants, by their own act, brought about a dissolution of the lease by electing to sue for its rescission, they are responsible for the nonpayment of the rent under the original lease, and that defendants should not be permitted to escape their obligation by taking advantage of an option to rescind the contract of lease, and then enter into new leases for the same amount of monthly rent with the receiver.

In support of his position, plaintiff cites article 2040 of the Civil Code, which reads:

"The condition is considered as fulfilled, when the fulfillment of it has been prevented by the party bound to perform it." In answer to this contention, defendants urge that, in electing to sue for the rescission of the contract of lease, they were acting in the exercise of a legal right, and that article 2040 is not applicable, when the effect of exercising a legal right prevents the fulfillment of the condition.

Article 2040 of the Code of 1870 was taken literally from the English text of the corresponding article 2035 of the Code of 1825, which, in turn, was taken literally from the corresponding article, No. 78, p. 275, of the Code of 1808. The French text in the Code of 1808 is identical with the corresponding article 1178 of the Code Napoleon, and in the Code of 1825 it is practically so. The English translation in the Codes of 1808 and 1825 is an imperfect one. In the light of the French text, the meaning of the article is: "The condition is considered as accomplished, when the debtor, whose obligation depends on this condition, prevents the accomplishment of it.". We have taken these comments largely from the dissenting opinion by Mr. Justice Porter, in Walls v. Smith, 3 La. 498, 501, which comments, upon investigation, we find to be correct. See, also, Steppach v. Worms & Co., Ltd., 7 Orl. App. 214.

Article 2040 of the Civil Code admits of an exception, which arises whenever, in doing an act which results in preventing the accomplishment of the condition, the debtor, by thus acting, has exercised only a legal right. Such is the view of Pothier, expressed in commenting on a similar principle, and such is the view of the commentators on the Code Napoleon, expressed in commenting on article 1178 of that Code. Pothier on Obligations, No. 212; Toullier, t. 6, No. 609; Laurent, t. 17, No. 76; Dalloz, Code Annotes,

article 1178, No. 16; Baudry-Lacantinerie et Barde, Obligations, t. 2, No. 805; Demolombe, t. 25, No. 350.

Unquestionably, defendants had a legal right to rescind the lease, upon the appointment of a receiver, as provided in that contract. Had they done so, and nothing more, or had they rescinded it and leased the premises to some third person, we should be inclined to hold that plaintiff could not recover, at least, to the extent of rents collected after the rendition of the judgment of rescission, as his contract for payment was dependent on the continuance of the lease until he received payment, through the collection of rents, during a specified period. However, when defendants virtually, immediately after the rendition of the judgment of rescission, released the property to the receiver, for the same rent, they, to all intents and purposes, reinstated the rescinded lease to the extent of the periods, named in the leases to the receiver, which cover all or most of the time in which plaintiff is interested. To permit defendants by this procedure to be relieved of their obligation to plaintiff would be to sanction the subjection of substantive rights to mere matters of form. This view finds support by analogy, in articles 1856 and 1857 of the Civil Code.

The district judge rendered judgment in favor of plaintiff for the amount sued for, with legal interest on the various installments from the time they were due plaintiff, and with reservation of plaintiff's right to sue further for additional rents, as commissions, should any be collected by defendants from the receiver after November 1, 1929.

The judgment is affirmed.

O'NEILL, C. J., dissents.