CHASEZ, Judge.
On August 18, 1959 L. P. Smith, defendant-appellee, executed an agreement with Eugene V. Wanless, plaintiff-appellant, styled “Authorization to Manage Property and Collect Rent” relative to a certain portion of real property owned by Smith. Under the terms of this agreement Wan-less became the agent for Smith with power to “manage * * * rent, lease, collect the rents * * * renew and cancel leases and compromise matters in dispute in connection therewith * * * ” Wanless’ commission was fixed by the terms of the agreement at 6% of any and all amounts collected by Wanless for Smith’s account.
In June of 1960 Wanless procured a lessee for the above-mentioned property. Under the terms of the lease, Wanless was due a commission of “5% on the total rental * * * of this lease up to Two Hundred Thousand ($200,000.00) Dollars and 4% on such amount above Two Hundred Thousand ($200,000.00) Dollars * * * ” However, the parties agreed that while the authorization to manage property and collect rent agreement was in effect that Smith would pay Wanless the 6% commission due under this agreement in lieu of the 5% commission provided by the lease. It was understood that if the authorization were ever terminated the commission would revert to 5% as provided for in the lease.
Under the terms of the lease, Smith had made the following agreement with Wan-less regarding any sale of the property during the term of the lease:
“In consideration of services rendered by Eugene V. Wanless in negotiating this lease, Lessor hereby agrees that in the *345 event the herein leased property is sold or transferred during the term of this lease, and there be any unpaid commissions still due Eugene V. Wanless, Agent, his heirs, successors or assigns for negotiating this lease, that Lessor at the time of sale or transfer will either pay same or have the purchaser assume Lessor’s obligation to pay same.” (Emphasis added)
In 1966 Smith sold the property to Third Party Defendants, Felix Bonura and George Weidert. However, in the act of sale by which Bonura and Weidert purchased the property, the following paragraph appears:
“Purchasers further agree that their interests are subject to the terms of the aforesaid lease (viii above) dated June 17, 1960 between Lawrence P. Smith as lessor and Moisant Bowl Building Company, Inc., as lessee, which lease was filed for record on June 17, 1960, in COB 508, folio 254.” (Emphasis added)
Wanless brought suit for a Declaratory Judgment to determine what his rights are vis-a-vis Smith. Wanless’ divorced wife, Miriam G. Wanless, intervened in the suit as a plaintiff asking to recover one-half of any amount that Wanless might be entitled to based on a property settlement agreement between her and Eugene Wanless.
Smith answered Wanless’ suit and filed a third party demand against Bonura and Weidert alleging that they are responsible to Wanless for any commission because they had assumed in the act of sale the obligation to pay Wanless the commission.
Wanless asserts that Smith sold the property without having his vendee assume his obligations as provided in the lease and that he, Wanless, is still entitled to a commission of 5% of the total rentals in accordance with the lease. In other words, Wanless seeks to accelerate the unpaid portion of his commission for the entire lease. The evidence shows that the lease was terminated by Order of Court on April 30, 1968. Wanless, nevertheless, argues that Smith still owes him a commission of about $30,000.00 based on the projected rentals from the property for the full lease term of 40 years.
This Court is of the opinion that Bonura and Weidert did not assume the obligations of Smith to pay Wanless for procuring the lessee for the property. Taking property “subject to the terms of the lease” does not impose upon the ven-dees the obligation of paying Smith’s strictly personal debt to Wanless. To hold Bon-ura and Weidert liable the terms in the Act of Sale would have to have been far more specific relative to assuming the obligation.
The question then, is to what extent is Smith indebted to Wanless as a result of the lease agreement? As previously stated, Wanless did not receive the entire 6% commission on procuring a tenant for Smith. It was agreed between the parties that for numerous reasons, not the least of which was for tax purposes, that Wan-less would receive his commission on the “total rental of the lease” on a month to month basis. That is, Wanless would collect the rentals each month, deduct his commission and remit the remainder to Smith. There was expert testimony adduced at trial to support a finding that this procedure is the custom in the real estate business.
Again, as was previously stated, the lease was terminated on April 30, 1968 by Bonura for failure of the lessee to honor the terms of the lease. This was done by Order of the Court.
We are of the opinion that once the lease was terminated there was nothing on which Wanless could base his commission; the “total rental of the lease” was the amount collected to the point of termination of the lease. To say that Wanless may recover for commissions never earned and never to be earned is completely untenable. Had Wanless been paid the entire commission at the outset of the lease, could he *346 now argue that he is entitled to keep all the commissions? Hardly.
The term of the lease was originally 40 years. The lease lasted for only eight years. Wanless is entitled to commissions only for the length of time that the lease was in existence. The “total rental of the lease” has already been realized and the amount due to Wanless is to be calculated as a percentage of the amount of rentals the lessor and/or his assignee collected under the lease.
Wanless relies on the case of Onorato v. Maestri, 173 La. 375, 137 So. 67 (1931) and Civil Code article 2040 to support his argument that Smith, by his own acts in selling to Bonura and Weidert without imposing on them the obligation owed to Wanless, placed it within the power of Bonura and Weidert to effect a cancellation of the lease. This Court does not agree with this proposition.
Civil Code art. 2040 reads as follows:
“The condition is considered as fulfilled, when the fufillment of it has been prevented by the party bound to perform it.”
In applying this article, the Supreme Court in the Onorato case found that the broker was entitled to his commission. In the Onorato case a real estate broker secured a lease for a term of fifteen years under which the broker was to receive four percent of the gross rent, payable at the time of the execution of the lease. Because the defendants were required to make considerable repairs to the premises to suit the tenant and because the tenant was not financially stable, the owners committed themselves to the broker, authorizing the latter to retain all the rent until his commission was paid.
There was a clause in the lease which provided that if the tenant went into receivership the owner could either accelerate the rental due or rescind the lease. The lessee was placed in receivership and the owner, taking advantage of the clause, rescinded the lease. However, the owner immediately re-leased the premises to the receiver for the same term, same rent, and in fact was in all other respects the same lease.
The Court held that, since it was optional for the defendant to rescind or not, that defendant was the one who prevented the fulfillment of the obligation. This was especially true since the defendants rescinded the lease and re-leased it immediately to the receiver. The' Court held that this could not be done to thwart the claim of the broker.
As can be seen, the Onorato case is factually dissimilar to the case at bar and is not controlling. In fact, the Court went on to say in that case that defendants had a perfect right to rescind the lease and had they done this and nothing more, or had they sold the property to a third person, the broker would not have been allowed to recover.
In the case at bar, the defendant Smith did not prevent fulfillment of the obligation. Smith did not cancel the lease, and could not, not being owner of the property. The lease was cancelled by Bonura and Weidert nearly two years after they acquired the property and for the reasons that the lessee violated the terms of the lease. To hold Smith responsible for this occurrence would be unjustifiable.
The question then resolves itself as to whether Smith is liable to Wanless for commissions from the date he sold the property, July 25, 1966 to the date the lease was cancelled, April 30, 1968.
The evidence will support the fact that Bonura and Weidert paid all commissions due Wanless for that period (for whatever their reasons) and Wanless cannot now collect these commissions from Smith. Whether Bonura and Weidert have an action against Smith is not a question presented to this Court.
No appeal was taken from that portion of the lower court’s judgment which re *347 jected the third party demand filed by Smith against Bonura and Weidert and it has, thus, become final.
Following the rendition of the judgment in the lower court, Eugene V. Wanless was placed into Bankruptcy and one, V. V. Radionoff, was named as his trustee. On proper motion, an Order was signed on July 21, 1970 authorizing V. V. Radionoff, Trustee in Bankruptcy, to become a substitute party plaintiff in this cause. Plaintiff’s trustee and the intervenor, wife, were the only parties to appeal and our judgment will relate to them.
For the assigned reasons, the judgment in favor of defendant, Lawrence P. Smith, and against the plaintiffs, Eugene V. Wan-less, his Trustee, V. V. Radionoff and Miriam G. Wanless, intervenor, dismissing their suits at their cost is affirmed. Costs of this appeal assessed to appellants.
Affirmed.