483 So.2d 1119 (1986)
STATE BANK OF COMMERCE
v.
DEMCO OF LOUISIANA, INC. James F. Byrd, & H.G. Jackson.
No. 85-CA-603.
Court of Appeal of Louisiana, Fifth Circuit.
February 13, 1986.
*1120 Bruce V. Schewe, Liskow & Lewis, New Orleans, for Demco of Louisiana, Inc., James F. Byrd and H.G. Jackson, plaintiffs in reconvention-appellants.
Anthony Rollo, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, for State Bank of Commerce, defendant in reconvention-appellee.
Before BOUTALL, KLIEBERT and GAUDIN, JJ.
BOUTALL, Judge.
This is a reconventional demand by Demco of Louisiana, Inc. and its sureties (Demco) seeking damages for injury to its business and trade reputation caused by the actions of State Bank of Commerce. State Bank filed exceptions of no cause of action and no right of action which were maintained by the trial judge. Demco has appealed.
The trial court concluded that Demco's claim was "not subject to R.S. 51:1405, et seq., the Unfair Trade Practices and Consumer Protection Act, nor does Louisiana jurisprudence recognize a cause of action for intentional interference with a contract." Appellant argues this is in error and further contends he has a cause of action for abuse of rights and has at least a partial cause of action for damages under the general law.
FACTS
Initially State Bank of Commerce filed a petition for nonpayment of two promissory notes issued by Demco and its sureties. Demco reconvened alleging that a letter written by an officer of State Bank to one of Demco's debtors, Sayler Marine Corporation, caused damage to its business and trade reputation. That letter provides in pertinent part:
Please let this letter constitute a formal notice that your payment to Demco La., Inc. for services rendered should be addressed, as you have done in the past, to Demco, Inc. c/o State Bank of Commerce, P.O. Box 1527, Slidell, Louisiana 70459.
It is our understanding that we have an assignment of their accounts receivable and will look to you for damages for any losses suffered via failure to remit *1121 your accounts payable as mentioned within the body of this letter.
State Bank responded to the reconventional demand by filing exceptions of no cause of action and no right of action. The granting of these exceptions forms the basis of this appeal.
EXEMPTION FROM UNFAIR TRADE PRACTICES LAW
LSA-R.S. 51:1406(1) exempts from its coverage "... actions or transactions subject to the jurisdiction of the ... State Bank Commissioner ..." (now the Commissioner of Financial Institutions). The commissioner has jurisdiction over banking business within the state, including lending money and either receiving or paying checks anywhere within the state, LSA-R.S. 6:242 and LSA-R.S. 6:2(2). Also banks are empowered to exercise any powers incidental to the named ones and still be subject to the Commissioner's jurisdiction. The issue presented then is whether the letter written by State Bank falls within the activities listed above.
State Bank contends it was attempting to monitor and collect a problem loan and such activities are incidental to the express powers granted banks to make loans. Accordingly, it is regulated by the Commissioner and exempt from coverage.
On the other hand, Demco contends the bank was not acting as a bank in writing the letter but more like a collection agency. Further, Demco cites the case of Bank of New Orleans and Trust Co. v. Phillips, 415 So.2d 973 (La.App. 4th Cir.1982) in support of its position. Phillips involved a suit on open account for the balance due on a revolving VISA credit card account which was filed in Orleans Parish while the defendants were domiciled in Plaquemines Parish. The defendants reconvened alleging that the filing of the suit in the parish other than where they were domiciled was an unfair and deceptive trade practice. The Fourth Circuit agreed, concluding that while banks are generally regulated by the Commissioner, that particular transaction was not. The court found that BNO was not acting as a bank but rather as a credit card company in attempting to collect on the account. In reaching its conclusion, the court relied on the fact that LSA-R.S. 6:965-6:969, governing revolving loan plans and retail installment contracts, once came under the jurisdiction of the Commissioner but no longer did since the statute had been repealed in 1974. Thus, bank credit card transactions were no longer within the jurisdiction of the Commissioner and banks involved in those activities could not claim the LSA-R.S. 51:1406(1) exemption.
We do not agree with Demco and find that Phillips is inapplicable herein. There is nothing to show that this is other than a regular bank loan. Monitoring and collecting a loan are powers incidental to the express power to loan money, LSA-R.S. 6:242 and 6:2(2) and, in the instant case, that is exactly what State Bank was doing. Accordingly, State Bank is exempt from coverage of the Unfair Trade Practices Law. We agree with this conclusion of the trial judge.
ABUSE OF RIGHTS
Demco also contends the trial court erred in dismissing its reconventional demand when it stated a cause of action for abuse of rights. This theory applies when a legal right is exercised for the purpose of harming another without benefit to the owner or exercising a right for a purpose other than that for which the right was granted. Morse v. J. Ray McDermott & Co., 344 So.2d 1353 (La.1977).
A review of the record leads us to conclude defendant cannot prevail under this theory. In considering an exception of no cause of action, the exception must be decided solely on the face of plaintiff's petition (herein the plaintiff in reconvention), and all well pleaded allegations of fact must be taken as true. Mott v. River Parish Maintenance, Inc., 432 So.2d 827 (La.1983).
In its reconventional demand, Demco alleged that the letter "... incorrectly and wrongfully represented to Sayler that State Bank of Commerce held an *1122 assignment of the accounts receivable of Demco and improperly notified Sayler that State Bank of Commerce planned to `look to you [Sayler] for damages for any loss suffered via failure to remit your accounts payable as mentioned within the body of this letter'", thereby causing damage to Demco's business reputation. If we accept these allegations as true, then State Bank had no legal right to write this letter. If State Bank lacked the right then by definition the theory of abuse of that right cannot apply.
INTENTIONAL INTERFERENCE WITH CONTRACTUAL RIGHTS
Two recent cases acknowledge there may be a cause of action in Louisiana for intentional interference with contractual rights; however, the Supreme Court stopped short in both cases of stating that this cause of action exists. Sanborn v. Oceanic Contractors, Inc., 448 So.2d 91, 95 n. 5 (La.1984); PPG Industries, Inc. v. Bean Dredging, 447 So.2d 1058, 1059 n. 1 (La.1984). In the instant case the judge held Louisiana does not recognize a cause of action for intentional interference with contractual rights. We do not find this to be error under the allegations here where there is no allegation of writing the letter knowing it to be false.
GENERAL RELIEF
However, this does not end Demco's appeal as Demco specifically requested in its brief that this court award whatever relief they are entitled to under their pleadings. We first note that although the two exceptions of no cause and of no right of action were urged and considered, the exception of no right of action is inapplicable here.
After carefully reviewing the allegations contained in Demco's reconventional demand, including the letter attached therein, we conclude that although the petition does not state a cause of action under the theories discussed so far, it does state a cause of action under the general tort law of the state. La.C.C. art. 2315 recognizes that "every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." In the instant case, according to Demco's petition, State Bank made false statements in the letter to Sayler when it stated it held an assignment of accounts receivable from Demco and that Sayler as a debtor of Demco should make its payments directly to State Bank under threat of damages. State Bank thus demanded money under false pretenses and caused monetary damage and damage to Demco's reputation. The facts here fulfill the duty-risk basis of liability and recovery. A creditor owes the debtor a duty not to wrongfully divert payments due the debtor and a letter wrongfully declaring an assignment carries the risk that payment will be withheld or diverted. Additionally, we see similarity between the circumstances of the instant case and those where one writes a defamatory or libelous letter which causes damage or injury to the reputation of another.
We recognize that Demco did not specifically plead a theory of recovery under the general tort law, citing La.C.C. art. 2315. However, our Code of Civil Procedure sets forth a system of fact pleading, La.C.C.P. art. 862. Thus the precise theory of the case need not be expressed in the petition; as long as sufficient facts are alleged to establish a cause of action for the plaintiff, we may grant the relief sought. In the instant case, we find the facts as alleged in Demco's petition set forth a cause of action under La.C.C. art. 2315.
Accordingly, the judgment is reversed and the matter is remanded for further proceedings consistent with the law and views expressed herein.
REVERSED AND REMANDED.