563 So.2d 374 (1990)
Flossie Harris KOK, Gerald H. Kok, Michael D. Kok, Valerie A. Kok, Cheryl Kok McCann, Richard McCann, David Kok, Ronald Kok, Lisa A. Kok, Gary D. Kok, Shirley Evans, Howard Evans, Thomas Evans and Kelvin Self
v.
Margaret HARRIS, Carter Harris and Ima Harris.
No. 89 CA 0334.
Court of Appeal of Louisiana, First Circuit.
May 30, 1990.
*375 John B. King, Denham Springs, for plaintiff-appellant Flossie Harris Kok.
James E. Kuhn, Denham Springs, for defendants.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
This suit involves a claim of damages for intentional infliction of emotional distress regarding funeral arrangements made for Robert K. Harris, who died on December 13, 1987. Named as defendants were: Margaret Harris, widow of the deceased; Carter Harris, son of the deceased; and Ima Harris, wife of Carter Harris. Plaintiffs include: Washington resident, Flossie Harris Kok, daughter of the deceased; Arkansas resident, Shirley Evans, also a daughter of the deceased; their spouses; and their children and spouses, residents of Washington and Arkansas respectively. Following the trial court judgment sustaining defendants' exceptions pleading the objections of no cause of action and no right of action[1] and dismissing plaintiffs' suit, plaintiffs appealed. Defendants answered plaintiffs' appeal, seeking damages for frivolous appeal.
In their petition, plaintiffs alleged that following the death of Robert K. Harris on December 13, 1987, they were notified of the death on December 14, 1987, at 10:00 a.m. by Clyde Harris, brother of the deceased. Subsequently, plaintiffs discovered that the funeral was to be held at 10:00 a.m. on December 15, 1987. Plaintiffs further alleged that Flossie Harris Kok and her family, who reside in the State of Washington, determined that they would be unable to obtain travel accommodations for arrival any earlier than 11:00 a.m. on the day of the funeral. The petition further stated that requests were made to defendants to alter the funeral arrangements, which were denied. As a result, plaintiffs claim they were unable to attend the funeral, causing them mental and emotional distress and anguish.

OBJECTION OF NO RIGHT OF ACTION
The peremptory exception raising the objection of no right of action raises the issue of whether a plaintiff belongs to the particular class of persons for which the law grants a remedy, assuming the law grants a cause of action to a particular class of individuals. Smith v. Livingston Parish Police Jury, 423 So.2d 5 (La.App. 1st Cir.1982). This exception does not raise the question of the plaintiffs' ability to prevail on the merits and may not be utilized *376 on the basis that the defendants may have a valid defense to the proceedings. In re Mr. and Mrs. G.E.T., 529 So.2d 524 (La.App. 1st Cir.1988). Defendants argue that the actions were privileged since Margaret Harris, as surviving spouse, did no more than assert her legal rights under LSA-R.S. 8:655. LSA-R.S. 8:655 sets forth the persons who have the right to control the disposition of the remains of a deceased person. Defendants further argue that since plaintiffs had no right regarding the disposition of the remains of the deceased, plaintiffs now have no right to complain of the manner in which the party who did possess the right exercised it.
We note that defendants' arguments would be more appropriately addressed to the objection of no cause of action. The objection of no cause of action raises the issue of whether the law affords a remedy to anyone for the particular grievance alleged by a plaintiff, while the objection of no right of action is employed, in cases where the law affords a remedy, to raise the issue of whether the plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy. Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972).
While an action for mental pain and anguish caused by the malicious exclusion of close relatives from a deceased's funeral appears to be res nova in this state, we find some guidance in limiting the class of claimants in the jurisprudence on wrongful disinterment. See Humphreys v. Bennett Oil Corporation, 195 La. 531, 197 So. 222 (La.1940); Thomas v. Mobley, 118 So.2d 476 (La.App. 1st Cir.1960); Blanchard v. Brawley, 75 So.2d 891 (La.App. 1st Cir. 1954). See also Fortuna v. St. Bernard Memorial Gardens, Inc., 529 So.2d 883 (La.App. 4th Cir.1988). Under that line of cases, descendants and near relatives are given a right of action for damages sustained as a result of the disturbance of the remains of a relative. Thus, we find that the daughters and grandchildren of the deceased, as descendants and near relatives of the deceased, may have a right of action for the infliction of emotional distress arising from the exercise of the right of disposition granted under LSA-R.S. 8:655, if a cause of action exists. However, we do not believe this class of persons is so broad as to include spouses of descendants and near relatives.
Having determined that some of the plaintiffs[2] have a right of action for damages caused by the spouse's refusal to delay the funeral of the decedent, we must determine whether plaintiffs' petition sets forth a cause of action.

OBJECTION OF NO CAUSE OF ACTION
In deciding an exception raising the objection of no cause of action, the court accepts the facts alleged in the petition without reference to any extraneous supporting or controverting evidence and determines whether the law affords any relief, if those facts are proven at trial. Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985). All well-pleaded facts are accepted as true, with any doubts resolved in favor of the sufficiency of the petition. Breaux v. South Louisiana Electric Cooperative Association, 471 So.2d 967 (La.App. 1st Cir.1985). The reviewing court must determine whether the law affords a remedy under the circumstances alleged, under any theory of the case. WHC, Inc. v. Tri-State Road Boring, Inc., 468 So.2d 764 (La.App. 1st Cir. 1985). The peremptory exception raising the objection of no cause of action is appropriately sustained only when, assuming the allegations of plaintiff's petition to be true, plaintiff has not stated a claim for which he can legally be compensated under applicable substantive law.

*377 A. Intentional Infliction of Mental Suffering

The general rule of law concerning damages for mental distress due to intentional torts is that the defendant must either have actively desired to bring about the mental anguish or realized to a virtual certainty that it would occur. Breaux v. South Louisiana Electric Cooperative Association, supra. See Matherne v. Response Instrument Service & Engineering Corporation, 533 So.2d 1011 (La.App. 1st Cir.1988), writ denied, 537 So.2d 1166 (La.1989). See also Smith v. Mahfouz, 489 So.2d 409 (La.App. 3rd Cir.1986), writ denied, 494 So.2d 1181 (La.1986); Steadman v. South Central Bell Telephone Company, 362 So.2d 1144 (La.App. 2nd Cir.1978). Recovery for mental anguish caused by intentional torts has generally been limited to instances of outrageous conduct. Breaux v. South Louisiana Electric Cooperative Association, supra. Plaintiffs allege that deliberate actions taken to exclude them as children and grandchildren of the deceased from funeral services solely on the basis of animosity toward them was outrageous conduct. LSA-R.S. 8:655 provides for an exclusive right to dispose of the remains of a deceased person.
LSA-R.S. 8:655 provides as follows:
The right to control the disposition of the remains of a deceased person, unless other directions have been given by the decedent, vests in and devolves upon the following in the order named:
(1) The surviving spouse, if not judicially separated from the decedent;
(2) The surviving children of the decedent;
(3) The surviving parents of the decedent;
(4) The surviving brothers and sisters of the decedent.
Louisiana courts have previously indicated that the existence of a legal right to take the action complained of may be a defense to a claim for intentional infliction of mental distress. See Directional Wireline Services, Inc. v. Tillett, 552 So.2d 1201 (La.App. 1st Cir.1989), writ denied, 551 So.2d 1343, 1344 (La.1989); Matherne v. Response Instrument Service Engineering Corporation, supra; Steadman v. South Central Bell Telephone Company, supra.
In Directional Wireline Services, Inc. v. Tillett, supra, this court held that Louisiana recognizes the tort of wrongful infliction of mental anguish under LSA-C.C. art. 2315, but liability is found only where the conduct has been so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor and lead him to exclaim, "Outrageous!" The conduct, although it would otherwise be extreme and outrageous, may be privileged under certain circumstances. The actor is never liable, for example, where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress. Therefore, considering these guidelines, we do not find that the surviving spouse's refusal to delay the funeral for an hour as alleged in plaintiffs' petition is conduct so outrageous as to constitute an intentional infliction of mental suffering, especially since the surviving spouse had the legal right to take the action complained of.

B. Abuse of Rights
Plaintiffs contend that the petition states a cause of action under the abuse of rights doctrine. The abuse of rights doctrine can be applied when the holder of a right uses it either: 1) exclusively to harm another or where the predominant motive is to cause harm; or 2) where there is no serious or legitimate interest worthy of judicial protection; or 3) in violation of moral rules, good faith or elementary fairness; or 4) for a purpose other than that for which the right was granted. Truschinger v. Pak, 513 So.2d 1151 (La.1987); Illinois Central Gulf Railroad Company v. International Harvestor Company, 368 *378 So.2d 1009 (La.1979); G.I.'s Club of Slidell, Inc. v. American Legion Post # 374, 504 So.2d 967 (La.App. 1st Cir.1987); Breland v. Louisiana Hospital Services, Inc., 468 So.2d 1215 (La.App. 1st Cir.1984).
The fact that Margaret Harris was the surviving spouse of the deceased was stipulated by the parties. Under the clear and unambiguous language of LSA-R.S. 8:655, the sole and exclusive right of disposing of the remains of the deceased belonged to the surviving spouse. Carter Harris, a son of the deceased and his wife, Ima, under the clear language of that statute, lacked the right to dispose of the remains of the deceased. Therefore, by definition, the theory of abuse of rights cannot apply to Carter and Ima Harris since they never possessed the right to dispose of the remains of the deceased, and plaintiffs' petition does not state a cause of action against Carter and Ima Harris. See State Bank of Commerce v. Demco of Louisiana, Inc., 483 So.2d 1119 (La.App. 5th Cir. 1986).
Therefore, the remaining issue is whether plaintiffs' petition sets forth a cause of action for abuse of rights against the surviving spouse, Margaret Harris.
Plaintiffs' petition alleged that:
The acts of the defendants ... scheduling the funeral at a time that it was highly probable that the out of state relatives of the deceased could not attend, and then refusing to change or modify the funeral time for approximately one (1) hour, are intentional acts.
. . . .
... [T]he intentional and outrageous conduct of the defendants' (sic) was designed and intended to inflict mental distress, emotional distress, mental anguish and other pain and suffering upon the petitioners herein.
The deceased died on December 13, 1987, and the funeral was held at 10:00 o'clock a.m. on December 15, 1987,two days after the death. It is apparent that the funeral was not unduly hurried nor was it performed in secrecy. It is clear from the pleading that the refusal of the surviving spouse to delay for one hour the funeral service is not such an action that could give rise to a cause of action under an abuse of rights doctrine.
The unqualified right of the surviving spouse to control the disposition of the remains of the deceased is clearly provided for in LSA-R.S. 8:655. The refusal to delay the funeral under the circumstances as alleged in plaintiffs' petition simply does not state a claim under the criteria set forth in Truschinger v. Pak, supra, and the applicable law. The trial court's decision sustaining the peremptory exception raising the objection of no cause of action was legally correct.[3]

FRIVOLOUS APPEAL
Code of Civil Procedure article 2164 gives an appellate court authority to award damages for frivolous appeal. However, damages are awarded only when there are no serious legal questions or when it is obvious that the appeal was taken solely for the delay or that counsel is not sincere in the view of the law that he advocated, even though the court is of the opinion that such view is not meritorious. Rogers v. D'Aubin, 498 So.2d 253 (La.App. 1st Cir. 1986). Although we have found that the appeal is without merit, we do not believe that the appeal was taken solely for delay or that counsel was not sincere in the view of law that was advocated.

CONCLUSION
For the hereinabove reasons, the trial court judgment sustaining the peremptory exception raising the objection of no cause of action and dismissing plaintiffs' claims is affirmed. All costs of this appeal to be borne by plaintiffs.
AFFIRMED.
ALFORD, J., dissents for reasons assigned.
*379 ALFORD, Judge, dissenting in part:
I am unable to agree with that portion of the majority opinion finding no cause of action as to the defendant, Margaret Harris.
In ruling upon the peremptory exception of no cause of action, all well-pleaded facts in the petition must be taken as true, and, if the allegations set forth a cause of action in any respect, the exception must be overruled. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984); Harris v. Steele, 506 So.2d 542 (La.App. 1st Cir.), writ denied, 511 So.2d 1155 (La.1987). I believe plaintiffs' petition states a cause of action under the abuse of rights doctrine.
Plaintiffs' petition alleges that upon learning of the death of Robert K. Harris, they attempted to make flight arrangements to attend the funeral; however, the earliest possible time of arrival was at 11:00 a.m. on December 15, 1987. The funeral of the deceased was scheduled for 10:00 a.m. on December 15, 1987. Plaintiffs allege that they requested defendants to postpone the funeral for one hour so they could attend. Plaintiffs further allege:
[T]he defendants herein absolutely, arbitrarily and capriciously refused to change, in any way or in any manner, the exact time and nature of the funeral.
. . . .
The acts of the defendants ... including scheduling the funeral at a time that it was highly probable that the out of state relatives of the deceased could not attend, and then refusing to change or modify the funeral time for approximately one (1) hour, are intentional acts.
. . . .
... [T]he intentional and outrageous conduct of the defendants' [sic] was designed and intended to inflict mental distress, emotional stress, mental anguish and other pain and suffering upon the petitioners herein.
The abuse of rights doctrine can be applied when the holder of a right uses it either: 1) exclusively to harm another or where the predominant motive is to cause harm; or 2) where there is no serious or legitimate interest worthy of judicial protection; or 3) in violation of moral rules, good faith or elementary fairness; or 4) for a purpose other than that for which the right was granted. Illinois Central Gulf Railroad Co. v. International Harvestor Co., 368 So.2d 1009 (La.1979); G.I.'s Club of Slidell, Inc. v. American Legion Post # 374, 504 So.2d 967 (La.App. 1st Cir.1987). While plaintiffs have not stated precisely in their petition that the predominant motive in scheduling the funeral at 10:00 a.m. on December 15, 1987, was to cause plaintiffs harm, the allegations of the petition taken as a whole have that import. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining the sufficiency of the petition in affording the litigant an opportunity to present his evidence. Owens v. Martin, 449 So.2d 448 (La.1984); Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Ward v. Pennington, 434 So.2d 1131 (La.App. 1st Cir.), writs denied, 438 So.2d 572, 576 (La. 1983). See also Breaux v. South Louisiana Elec. Coop. Ass'n, 471 So.2d 967 (La. App. 1st Cir.1985). Pleadings must be reasonably construed so as to afford litigants their day in court, to arrive at the truth and to avoid a miscarriage of justice. Hero Lands Co. v. Texaco, Inc., 310 So.2d at 96. The Court of Appeal should view plaintiffs' petition in its most favorable light. Hoffpauir v. Bankers Life and Casualty Co., 328 So.2d 409 (La.App. 3rd Cir.1976). Plaintiffs' petition, in the case sub judice, reasonably construed, and viewed in its most favorable light, states a cause of action under the abuse of rights doctrine.
Although, the majority opinion notes that "the funeral was not unduly hurried nor was it performed in secrecy", such factual determinations should be made at trial on the merits, not in assessing the legal sufficiency of the petition. Plaintiffs' petition, in fact, makes somewhat contrary allegations:
The petitioners were not informed or notified of his death until on or about Monday, December 14, 1987, at or about 10 o'clock a.m., Central Standard Time, *380 and then, only heard due to fortuitious [sic] circumstances.
Contrary factual contentions do not support maintaining the exception but are instead defenses which must be tried on the merits. Sajare Interests, Ltd. v. Esplanade Management, Inc., 459 So.2d 748 (La. App. 4th Cir.1984).
We note that La.R.S. 8:655 is not a shield against tort liability for those acting thereunder where a cause of action has been stated under the abuse of rights doctrine. Clearly, if the mere existence of a statutory right could defeat a cause of action under the abuse of rights doctrine, the very purpose for the establishment of the doctrine would be defeated. The abuse of rights analysis has been employed in Louisiana courts in early cases such as: Morse v. J. Ray McDermott & Co., Inc., 344 So.2d 1353 (La.1977); Onorato v. Maestri, 173 La. 375, 137 So. 67 (1931); and Higgins Oil & Fuel Co. v. Guaranty Oil Co., 145 La. 233, 82 So. 206 (1919). The purpose of the enactment of Title 8, of the Revised Statutes, was the regulation of cemeteries as evidenced by 1974 La.Acts No. 417, reenacting Title 8 and providing:
To amend and reenact Title 8 of the Louisiana Revised Statutes of 1950, to comprise R.S. 8:1 through R.S. 8:903, both inclusive, relative to cemeteries and their regulation; to create the Louisiana Cemetery Board and provide its powers, duties and functions; to establish guidelines and provide for rules and regulations dealing with publicly owned cemeteries and cemetery companies; and relative to the acquisition of property for cemeteries, cemetery sales and management practices, the cemetery care fund, the merchandise trust fund, mausoleums and similar structures, human remains, undeveloped land for cemetery use, title and rights to cemetery plots; to provide for licensure; to provide penalties and otherwise generally and specifically to provide with respect to cemeteries, the disposition of human remains and like matters.
The provisions of Title 8 were not intended to supercede the previously existing jurisprudential doctrine of abuse of rights.
For these reasons, I respectfully dissent.
NOTES
[1] While the minute entry of record indicates that the trial court sustained the exception pleading the objection of no cause of action and overruled the exception pleading the objection of no right of action, both the signed judgment and written reasons for judgment indicate both exceptions were sustained.
[2] The petition reveals that Flossie Harris Kok and Shirley Evans are the daughters of the deceased and, as such, have a right of action. However, their husbands, Gerald Kok and Howard Evans respectively, do not have a right of action. Additionally, although the petition states that the remaining plaintiffs are the deceased's grandchildren and their spouses, there is no distinction as to which plaintiffs are grandchildren, who have a right of action, and which plaintiffs are the spouses of grandchildren, who do not have a right of action.
[3] We note that LSA-C.C.P. art. 934 provides that in certain cases the judgment sustaining peremptory exceptions should allow amendment of the petition. We find no cause of action stated in the petition. Additionally, we do not remand for amendment because under the undisputed facts, no cause of action could be maintained by plaintiffs against the defendants.